## DENNIS MCCORMICK *v.* PATRICK MULVIHILL.

It is erroneous to permit a witness to testify to an account from a transcript of the party's books, without their production, and especially so when his adversary has given him notice to produce the books on the trial.

A justice has no power to compel a party to the suit to testify, when he is not placed on the stand by his adversary. Unless called by his opponent he cannot be made a witness.

APPEAL by plaintiff from a judgment of the Marine Court. This was an action to recover for wages as a bar-keeper. The answer was a general denial and set-off.

On the trial, after the proof of the plaintiff's employment and services, the defendant called a witness to prove sales of liquors to the plaintiff, subsequent to the service, as a set-off. In order to testify to these sales, a transcript of the defendant's books was shown him. The plaintiff's counsel objected to this, and called for the original books, but the objection was overruled. It was admitted that the defendant had been subpœnaed to bring his original books with him, but had not done so. The court then called upon the plaintiff to take the stand. His counsel objected to his doing so. The court overruled the objection, and required him so to do, and examined him in respect to the accounts. Judgment having been rendered for the defendant, the plaintiff appealed.

*Snebly and Ackerman*, for the appellant.

*Sweeney and Shea*, for the respondent.

INGRAHAM, FIRST JUDGE.—The justice erred in permitting a witness for the defendant to examine a transcript from the defendant's books, and testify to the amount of sales appearing thereon, without requiring the production of the books, as asked. for by the plaintiff.

It may well be doubted whether, under the circumstances, the defendant's books could have been evidence in his own behalf, but there can be no doubt that the copy, or supposed transcript, not even proven to be a correct one, was improperly received by the court.

I think, also, the justice erred in compelling the plaintiff to testify on the motion of the justice, and not at the defendant's request. The plaintiff objected to the examination.

The law before the Code did not allow of the examination of the party at all. The alteration made by the Code allowed a party to be examined as a witness *only at the instance of the adverse party*. No authority is given to the court to call upon the parties to testify; and if such a course were allowed, the party so examined could not avail himself of the privilege conferred by the 395th section, of being examined on his own behalf, as that only applies to the case of a party examined by his adversary.

In the case of *Myers* v. *McCarthy* (2 Sand. S. C. R. 399), the Superior Court held that evidence in answer to a question put to a party by the court, when such party was called by his adversary, was improperly called forth. If this is so when the adversary puts the party on the stand as a witness, it is certainly much more improper for the court to compel a party to testify when his adversary does not ask for his examination.

Judgment reversed.